IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHERYL E. VANCE, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-1183-G-BK |
| § | |
| UNITED STATES DEPARTMENT OF § | |
| LABOR, ET AL., § | |
|     DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. For the reasons stated below, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.     BACKGROUND

On May 16, 2019, Plaintiff Cheryl Vance filed a pro se *Complaint* against the United States Department of Labor and the United States Postal Inspection Service to dismiss an outstanding debt, which she claims not to owe. Doc. 3 at 1. On the *Civil Cover Sheet*, Vance checked "US Government Plaintiff" as the jurisdictional basis and asserted "recovery of false overpayment to US Department of Labor/false imprisonment" as the cause of action. Doc. 3 at 35. In response to a deficiency order, Vance subsequently filed an *Amended Complaint*, relying on the Federal Tort Claims Act ("FTCA") as the sole jurisdictional basis for her action, Doc. 8 at 1, and alleging in part:

> I deny all the charges and this debt I'm accused of. I seek financial relief, and would like the courts to allow 25000000 for punitive damages, negligence, and personal

>    injury. Or, the maximum dollar amount of monetary compensation allowed. USPI& DOL has caused me much emotional duress, injury by fellow servant and loss of my livelihood. Furthermore, liability for the violations I have suffered in prison being falsely contained ... Causing me many hardships, mainly the destruction of my 40 year marriage. Moreover, I am seeking full retirement benefits that are due me and lastly, recovery of all garnished IRS refunds ($12,828.53 plus interest).

Doc. 8 at 3 (grammatical errors and misspelling in original).

In her *Answers to Magistrate Judge's Questionnaire*, Vance avers that she exhausted her administrative remedies because her FTCA claim was denied on September 25, 2018. Doc. 10 at 5. In support, she submits two purported "final" decisions: (1) a September 25, 2018 letter from the Department of the Treasury, advising her that "the debt is valid and collection should continue," Doc. 10 at 6, and (2) an undated, partial response, confirming that the same debt would be collected until paid in full, Doc. 10 at 7.

Upon review, the Court lacks jurisdiction over Vance's *Amended Complaint* because she has neither pled a proper FTCA claim nor exhausted her administrative remedies.

## II.   ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over a federal question arising under the Constitution, a federal law, or a treaty. *See* 28 U.S.C. § 1331. However, the federal question giving rise to the court's jurisdiction must appear "on the face of the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Vance's amended complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Vance has not alleged facts that establish federal question jurisdiction.

The FTCA waives the United States' sovereign immunity from tort suits. 28 U.S.C. § 2674. However, the proper defendant in a case brought under the FTCA is the United States of America, not an agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (dismissing FTCA claim against federal agency or employee for want of jurisdiction); *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). Thus, here, the Court lacks subject matter jurisdiction over Vance's FTCA claim against the United States Department of Labor and the United States Postal Inspection Service.

Even assuming Vance had named the United States as a defendant, exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA. The FTCA bars a claimant from bringing suit in federal court unless she filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months before filing. *See* 28 U.S.C. § 2675(a); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). Failure to completely exhaust administrative remedies *prior* to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed. *McNeil v. United States*, 508 U.S. 106, 112 (1993), *see also Price*, 69 F.3d at 54 (affirming that the exhaustion requirement cannot be waived).

Here, Vance has failed to comply with the jurisdictional prerequisite of filing an administrative claim with the United States Department of Labor and/or the United States Postal Inspection Service, and either obtaining a written denial or waiting six months *prior to* filing her complaint. Contrary to her assertions, the letters Vance submitted establish neither the filing of an administrative claim nor the denial of the same. Doc. 10 at 6-7. Since compliance with FTCA administrative remedies is jurisdictional and Vance's pleadings and answers to the questionnaire are insufficient to demonstrate that she has complied, her FTCA claim should be dismissed for want of jurisdiction.

Additionally, since the complaint does not present a sufficient basis for federal question jurisdiction, the Court cannot exercise supplemental jurisdiction over Vance's state law claims, if any. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend the complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). The Court has already given Vance the opportunity to file an *Amended Complaint* and to supplement it by her *Answers to Magistrate Judge's Questionnaire*. Still, she has been unable to establish the requisites for federal question jurisdiction. Under these circumstances granting leave to further amend would be futile and cause needless delay.

## IV.  CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).